IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Rayshawn Kalif Pearson, ) | |
| ) | C/A No. 9:12-1747-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Richard Turner and Bill Byars, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, Rayshawn Kalif Pearson ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983. On February 21, 2013, Magistrate Judge Bristow Marchant issued a Report and Recommendation ("Report") recommending that the Motion for Summary Judgment filed by the Defendants (Dkt. # 23) be granted and that the Plaintiff's case be dismissed. (Dkt. # 36).[1] ON March 11, 2013, Plaintiff filed objections to the Magistrate's Report. (Dkt. # 38).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the

---

[1]In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., all pre-trial proceedings were referred to a Magistrate Judge.

Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

The Magistrate Judge recommended that the Defendants' Motion for Summary Judgment be granted because Plaintiff failed to establish that his due process rights were violated in regard to his disciplinary proceeding, and additionally he failed to provide any evidence that Defendants discriminated against him based on his race. As noted above, Plaintiff filed objections to the Report which the Court has carefully reviewed.

In his first and third objections, Plaintiff objects to portions of the facts section forth by the Magistrate Judge in his Report. (Objections at 2-3, 5). Citing to the affidavit of Defendant Richard Turner, the Magistrate Judge stated:

> Turner attests that on December 8, 2011, he received the files of charges before him for that date, and as is his custom, he examined the charges. Turner attests that, prior to beginning the day's hearings, he noted that several charges were Level 3 offenses, which do not require formal disciplinary hearings.

(Report 3-4). Based upon this, Plaintiff contends that the Magistrate Judge improperly based his decision on Turner's affidavit, and further he argues that Defendants offered no evidence that the inmate policy of the South Carolina Department of Corrections ("SCDC") was followed. He also alleges that the Magistrate Judge erred in stating that

Turner, in his affidavit, "attest[ed] that information as to an inmate's race does not appear on an inmate's disciplinary history, and that race is not used as a determining factor in a disciplinary hearing." (Report at 4)(footnote omitted).  And when the Magistrate Judge stated that "Defendant Turner attests that he excluded no witnesses, documentation or evidence." (Report at 4-5).  These references are to the facts section of the Report and the Magistrate Judge was merely summarizing Turner's affidavit.  Accordingly, these objections are overruled.

In his second objection, Plaintiff alleges that the Magistrate Judge overlooked the evidence and did not have a full understanding of SCDC inmate policy. (Objections at 3-4).  However, alleged violations of SCDC inmate policies do not constitute due process violations actionable under § 1983. *See Keeler v. Pea*, 782 F.Supp. 42, 44 (D.S.C. 1992) (holding violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).

He also alleges he was discriminated against.  A prisoner claiming an equal protection violation must allege facts demonstrating "that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Veney v. Wyche*, 293 F.3d 726, 731 (4th Cir. 2002). The complaint, moreover, must contain "facts that, if found to be true, would demonstrate that the disparate treatment lacks justification under the requisite level of scrutiny." *Id*.  However, as the Magistrate Judge found in his Report (Report at 10-11), Plaintiff has not presented any evidence of discrimination.  Accordingly, this objection is overruled.

In his fourth objection, Plaintiff states that he "objects to the remaining portions of the Magistrate judge report and recommendation." (Objections at 5). While this

objection is non-specific, Plaintiff does elaborate and argues that the Magistrate Judge erroneously found that Plaintiff had not suffered atypical or significant hardships in administrative segregation. (Objections at 6). Plaintiff alleges in administrative segregation, he did not receive any recreation on a daily basis; he was isolated from other inmates; he was placed in restrained when not in his cell; and he lost his visitation, canteen, and weekend telephone privileges. (Objections 6-7).

"Administrative segregation is not an 'atypical and significant hardship' relative to the ordinary incidents of prison life that would give rise to a liberty interest protected by any procedure." *See Joseph v. Gillespie*, 73 F.3d 357, *1 (4th Cir. 1995) (unpublished)(citing *Sandin v. Conner*, 515 U.S. 472 (1995)).  In assessing such a claim, the question is whether an inmate's "confinement in administrative segregation imposed such an atypical hardship on [him] vis a vis ordinary prison life that [he] possessed a liberty interest in avoiding it." *Beverati v. Smith*, 120 F.3d 500, 502–03 (4th Cir.1997). Plaintiff's allegations, which center on being denied visitation, canteen, recreation, and telephone privileges, do not meet this high standard.  *Id.* at 503–04 (holding that administrative confinement in cells "infested with vermin . . . smeared with human feces and urine . . . flooded with water from a leak in the toilet . . . [and] unbearably hot . . . were not so atypical that exposure to them for six months imposed a significant hardship in relation to the ordinary incidents of prison life").  Plaintiff has failed to show that he endured an atypical and significant hardship while confined in administrative segregation.  Accordingly, this objection is overruled.

## Conclusion

After a thorough review of the Report and the record, the court adopts the Report and incorporates it herein.  It is therefore **ORDERED** that the Motion for Summary

Judgment filed by the Defendants (Dkt. # 23) is **GRANTED** and Plaintiff's case is **DISMISSED.**

    **IT IS SO ORDERED.**

                                          s/Timothy M. Cain
                                          United States District Judge

March 18, 2013
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

    The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.